IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

VERNON ROBINSON

CRIMINAL
NO. 15-596

## MEMORANDUM OPINION

**Schmehl, J.** */s/JLS*                                                        **August 11, 2021**

Before the Court is a *pro se* motion filed by Defendant Robinson that seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The government has filed a response, Defendant filed a reply and the motion is now ready for decision.

### I.      STATEMENT OF FACTS

Defendant Vernon Robinson has continuously been subject to court supervision because of three adult state criminal convictions, beginning in 1997 and continuing through 2013, including violent crime and felony drug convictions. As in the present case, the defendant's prior felony drug conviction was for distributing cocaine. Robinson has spent a significant portion of his adult life in prison and also violated state parole supervision and absconded when told to surrender to his parole officer.

In the instant matter, on February 25, 2016, Robinson pled guilty to conspiring to distribute crack cocaine and possessing firearms as a convicted felon. On December 21, 2016, Robinson was sentenced to 156 months' imprisonment based upon an advisory sentencing range of 151-188 months.

Robinson is serving his sentence at FCI Fort Dix, with an anticipated release date of April 5, 2026. He has served approximately 76 months and has credit for good conduct time of approximately 9 months, for total time served of approximately 85 months. Robinson had one minor disciplinary infraction while in custody which did not result in disciplinary action.

On April 7, 2020, Robinson submitted a request for compassionate release to the warden. The request was not based upon a medical condition but rather Robinson's fear of a COVID-19 outbreak due to FCI Fort Dix housing conditions. The warden denied this request, and on November 13, 2020, Robinson submitted a motion to this Court for compassionate release, making the same argument. The government responded to Defendant's compassionate release motion and provided his medical records from the Bureau of Prisons. The records reveal that Robinson, who is 42 years old, presents with a BMI of 36.9, but no other medical issues. ECF No. 96. The government then filed supplemental medical records that show that Robinson tested positive for COVID-19 at the end of October, 2020, and that on March 18, 2021, Robinson refused the Moderna vaccine for COVID-19. ECF No. 104.

II.     **LEGAL AUTHORITY**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

3

(I)  suffering from a serious physical or medical
    condition,

(II) suffering from a serious functional or cognitive
     impairment, or

(III) experiencing deteriorating physical or mental
      health because of the aging process, that
      substantially diminishes the ability of the
      defendant to provide self-care within the
      environment of a correctional facility and from
      which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant

(i)      is at least 65 years old;

(ii)     is experiencing a serious deterioration in physical or
         mental health because of the aging process; and

(iii)    has served at least 10 years or 75 percent of his or
         her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i)      The death or incapacitation of the caregiver of the
         defendant's minor child or minor children.

(ii)     The incapacitation of the defendant's spouse or
         registered partner when the defendant would be the
         only available caregiver for the spouse or registered
         partner.

(D) Other Reasons.— As determined by the Director of the Bureau
    of Prisons, there exists in the defendant's case an extraordinary
    and compelling reason other than, or in combination with, the
    reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test

for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla.

June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25,

2019). The Third Circuit held: "the mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). *See also United States v. Roeder*, 807 F. App'x 157, 160-61 (3d Cir. 2020) (per curiam) (not precedential) ("the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."), *id.* at 161 n.16 ("Similarly, the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

If a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must next analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

III.    **DISCUSSION**

As stated above, Robinson is obese, with a BMI of 36.9. Obesity is a CDC risk factor and may place him at greater risk of an adverse outcome from COVID-19. However, as documented in his medical records, Robinson refused the Moderna vaccine on March 18, 2021. ECF No. 104. Thus, it seems Robinson has voluntarily declined to mitigate his risk of a severe COVID-19 infection. There is no apparent medical reason why Robinson should not receive the vaccine, as the records state that he merely "refused." Accordingly, I find that his refusal to accept a vaccine negates any "extraordinary and compelling reason" for relief that he would otherwise have, such as his obesity. This is in line with other courts in this circuit, who have similarly found that individuals who have declined vaccination to protect them against COVID-19 are not entitled to compassionate release. *United States v. Adams,* 2021WL 2822939 (E.D. Pa., July 7, 2021); *United States v. Ortiz*, 2021 WL 1422816 (E.D. Pa. Apr. 15, 2021); *United States v. Bautista*, 2021 WL 1264596 (E.D. Pa. Apr.6, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Robinson*, 2021 WL 719658 (W.D. Pa. Feb. 23, 2021).

In addition, it is worth noting that Robinson contracted COVID-19 and recovered from it without any serious consequences. In this circumstance, the majority of courts to address the matter have concluded that compassionate release is not justified. *See, e.g., United States v. Wiltshire*, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) (Pratter, J.) ("the risk of reinfection after a prior positive test for COVID-19 is a not basis for compassionate release here."); *see also United States v. Carter*, 2021 WL 427110, at *1 (E.D. Pa. Feb. 8, 2021) (McHugh, J.); *United States v. Dan*, 2020 WL 3453845, at *5 (D.

Haw. June 24, 2020); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); *United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020).

Further, the Federal Bureau of Prisons, as of the date of this opinion, reports that there are 2907 inmates housed at FCI Fort Dix. FEDERAL BUREAU OF PRISONS, *FCI Fort Dix,* https://www.bop.gov/locations/list.jsp (last visited on August 10, 2021). As of the date of this opinion, there are 2 staff members and zero inmates who are currently infected with COVID-19 at Fort Dix. FEDERAL BUREAU OF PRISONS, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited on August 10, 2021). Further, there are 254 staff members and 1,749 inmates at FCI Fort Dix who have received COVID-19 vaccinations. FEDERAL BUREAU OF PRISONS, *FCI Fort Dix*, https://www.bop.gov/coronavirus/ (last visited on August 10, 2021). These numbers show that COVID-19 is well under control at FCI Fort Dix, where Robinson is incarcerated.

Lastly, even assuming Robinson could present an extraordinary and compelling reason for relief, in examining the 3553(a) factors and his possible danger to the community, release still must be denied. In examining these factors, I must evaluate whether the sentence served reflects the nature and circumstances of the offense and the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect of the law, and affords adequate deterrence to criminal conduct.

7

First, including good time credit, Robinson has only served approximately 85 months of his 156-month sentence, a little over fifty percent. Moreover, he continues to present a danger to the community, and should serve his entire sentence. Robinson conspired over a six-month period to distribute large quantities of crack cocaine, some of it from his residence. He was also found to be in possession of two stolen firearms that he was forbidden to possess as a convicted felon, both of which were loaded with live ammunition. There is no doubt that at the time of his offenses, Robinson was engaging in prohibited conduct that presented a significant danger to the community.

In addition, Robinson has a significant record of criminal conduct, including the commission of crimes while on parole or supervised release. Accordingly, even though Robinson's obesity may increase his likelihood of an adverse outcome from COVID-19, when considering the 3553 factors, his danger to the community, the low case numbers at Fort Dix FCI, his recovery from COVID, and his refusal of the vaccine, Robinson does not warrant a sentence reduction or release in any fashion at the present time.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Robinson's motion for compassionate release is denied.