IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION<br>NO. 15-596 |
| v. | CIVIL ACTION<br>NO. 19-116 |
| VERNON ROBINSON | |

## MEMORANDUM OPINION

**Schmehl, J.**     /s/ JLS                                                                    November 2, 2021

Defendant, Vernon Robinson, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He then subsequently filed a request to amend his 2255 motion to include a claim under *Rehaif v. United States*. For the reasons that follow, this Court will allow Robinson's amendment but deny Robinson's motion to vacate his sentence.

### I.     PROCEDURAL HISTORY

On December 15, 2015, Robinson was charged in an Information with one count of conspiracy to distribute five kilograms or more of cocaine, and 28 grams or more of cocaine base ("crack") and with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The charges stemmed from Robinson and his co-conspirators conspiring to distribute approximately 8.8 kilograms of cocaine, and approximately 131 grams of crack, beginning in or about October 2014 and continuing through March 12, 2015, and Robinson possessing firearms as a convicted felon on or about March 9, 2015.

On February 25, 2016, Robinson entered a guilty plea to the Information. On December 21, 2016, Robinson was sentenced to a term of imprisonment of 156 months,

within the advisory guideline range. The judgment was entered on December 30, 2016, and Robinson did not file an appeal. On January 7, 2019, Robinson filed a motion under 28 U.S.C. § 2255, raising one issue, asserting that his counsel was ineffective in failing to file an appeal. (ECF No. 79.) The 2255 motion was signed by Robinson and dated December 31, 2018. The government filed a Motion in opposition to Robinson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, asserting that the motion should be dismissed as untimely.

On October 31, 2019, Robinson filed a request to amend his § 2255 motion with a *Rehaif* claim. (ECF No. 85.) The government responded to this motion by admitting that Robinson's request to amend his 2255 was timely, but then arguing that the motion must fail on the merits.

**II.    ANALYSIS**

Title 28, United States Code, Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "In order to prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *United States v. Perkins*, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

First, Robinson's 2255 motion alleging ineffective assistance of counsel is clearly untimely. Section 2255(f) sets a one-year limit on motions pursuant to that section, which generally begins to run on "the date on which the judgment of conviction becomes final." § 2255(f)(1). In this context, a judgment of conviction becomes final on the date on which the time for filing a timely direct appeal expires. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, Robinson's judgment of conviction was entered on December 30, 2016, and he had 14 days to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Robinson did not appeal, so his judgment of conviction became final on January 13, 2017, and he had one year, until January 13, 2018, to file a timely 2255 motion. The motion he filed was signed on December 30, 2018, is untimely by nearly a year, and should therefore be dismissed. However, Robinson's amended claim based upon *Rehaif* is timely and therefore, must be addressed.

In his amendment, Robinson argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct 2191 (2019) requires his conviction to be vacated. In *Rehaif*, the Supreme Court held that the knowledge element of the 922(g) offense requires not only proof that the defendant knowingly possessed a firearm, but also that he knew of the status that made the possession illegal. At the time the defendant was convicted, knowledge of the pertinent status was not considered an element of the offense, and that requirement accordingly was not stated to nor admitted by the defendant at the time he entered a guilty plea. However, Robinson is not entitled to relief of his *Rehaif* claim due to the concurrent sentence doctrine.

Robinson's 922(g) conviction, which is the only offense challenged based upon *Rehaif*, had no impact at all on his sentence. Robinson faced a guideline range of 151 to

3

188 months' imprisonment, and he was sentenced to 156 months' imprisonment on the conspiracy to distribute count, Count 1. He was then sentenced to a concurrent term of 120 months on Count 2, the 922(g) charge.

The concurrent sentence doctrine states that "a federal court may decline to review an alleged error where concurrent sentences were imposed on separate counts, where the alleged error is associated with only one count, and where the remaining sentences are unassailable." *Nosov v. Schuylkill FCI*, 634 Fed. Appx. 379, 380 (3d Cir. 2016) (*citing United States v. McKie*, 112 F.3d 626, 628 (3d Cir. 1997). "The theory is that because the defendant remains sentenced in any event, reviewing the concurrently sentenced counts is of no utility. The practice is eminently practical and conserves judicial resources for more pressing needs." *Jones v. Zimmerman*, 805 F.2d 1125, 1128 (3d Cir. 1986). This doctrine should be applied only where it is apparent that a defendant will not suffer collateral consequences from the unreviewed conviction. *United States v. Clemon*s, 843 F.2d 741, 743 n. 2 (3d Cir. 1988).

In the instant matter, because the term of imprisonment on the 922(g) charge is entirely concurrent to and less than the sentence imposed on the other count, this habeas challenge need not be addressed under the concurrent sentence doctrine. Accordingly, Robinson's amended 2255 motion is denied.

### III.  **CONCLUSION**

For the reasons set forth above, this Court will permit Defendant Robinson to amend his 2255 petition to include a *Rehaif* claim and will deny the government's motion to dismiss Robinson's 2255 motion as untimely, since the *Rehaif* amendment is indeed timely.

5

Upon consideration of Robinson's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 based upon *Rehaif*, his motion is denied.